UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENA MACIAS,<br><br>    Plaintiff,<br><br>v.<br><br>GAPIR FASAIL, et al.,<br><br>    Defendants. | Case No. 19-cv-00728-SVK<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**<br><br>Re: Dkt. No. 13 |

Plaintiff Lena Macias filed this action for violation of the Americans with Disabilities Act and several California statutes. Dkt. 1. The defendants named in the action are Gapir Fasail ("Fasail"), Pamela Chau ("Chau"), and Somora, Inc. ("Somora"), whom Plaintiff contends are "the owners, operators, lessors, and/or lessees" of A Bite of Wyoming restaurant in San Jose, California (the "Restaurant"), which is the subject of this lawsuit. *Id.* ¶ 7.

Following Plaintiff's filing of the instant motion for default judgment, Defendant Somora filed an opposition to the motion. Dkt. 16. Somora, which challenges whether Plaintiff's service of the complaint on the company was valid, has not answered or otherwise appeared in the action. Defendants Fasail and Chau have not appeared in the action or opposed the motion for default judgment. The Court deems the motion for default judgment appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b).

Although Plaintiff has consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) (Dkt. 7), none of the Defendants has consented. Accordingly, the Court directs the clerk to REASSIGN this case to a district judge with the following REPORT AND RECOMMENDATION that Plaintiff's motion for default judgment be DENIED as to all three Defendants. If the Defendants later consent to magistrate jurisdiction, the case may be reassigned to the undersigned magistrate judge.

## I. BACKGROUND

Plaintiff's complaint alleges that architectural barriers exist at the Restaurant that violate Plaintiff's rights under the ADA and several California statutes. Dkt. 1 ¶¶ 9-13.

According to Plaintiff, Defendants Fasail and Chau were served with the summons and complaint at 3:26 p.m. on February 13, 2019. Dkt. 13-1 at 2-3. The proof of service submitted by Plaintiff states that service of Defendants Fasail and Chau was made by leaving the summons, complaint, and associated paperwork with Gloria Reyes, the "Person in Charge Of Office," at Burrito Express, located at 2435 Telegraph Avenue in Oakland, California, and by subsequently mailing the documents to Defendants Fasail and Chau at that address. Dkt. 13-3. The process server's "Declaration of Diligence" indicates that he effected substitute service on Ms. Reyes after being unable to personally serve Defendants Fasail and Chau on the same date and time – in other words, the process server tried only once to serve those Defendants personally before effecting substitute service. *Id.* Plaintiff provides no evidence tying Defendants Fasail and Chau to the Burrito Express location in Oakland where Ms. Reyes was served.

Plaintiff claims to have served Defendant Somora by serving Ignascio Camarena, a "Person Authorized to Accept Service of Process," by leaving the summons, complaint, and associated documents with Kathy Nguyen, the "Person in Charge of Office," at 111 N. Market Street, Suite 300, San Jose, California 95113, and by subsequently mailing copies to Mr. Camarena at the same address. Dkt. 13-4. The process server's "Declaration of Diligence" indicates that he effected substitute service on Mr. Camarena/Ms. Nguyen on February 12, 2019, after learning that the "Subject [was] not in" at the business named "Patane Gumberg Avila, LLP" at the same location, date, and time. *Id.* A Statement of Information filed with the California Secretary of State on March 28, 2016, identified Mr. Camarena as agent for service of process for Defendant Somora, but the address listed was Camarena Law Office, 95 S. Market Street, Suite 300, San Jose, California 95113, a different address than the one at which Plaintiff purported to serve Mr. Camarena/Ms. Nguyen. Dkt. 13-6.

Mr. Camarena, who identified himself as an attorney representing Defendant Somora, communicated with Plaintiff's counsel by email on March 21, 2019. Dkt. 13-5.

2

1    None of the Defendants filed an answer or other response to the complaint. The Clerk of
2    Court entered defaults against all three Defendants on July 9, 2019. Dkt. 10. Plaintiff now moves
3    for default judgment against all three Defendants. Dkt. 13. Plaintiff filed a proof of service of the
4    motion upon Defendants Fasail and Chau at the same Oakland address where substitute service
5    was made, and a proof of service on Somora, Inc. c/o Mr. Camarena at the 111 N. Market Street
6    address in San Jose and a different address in Salinas.

Defendant Somora filed an opposition to the motion for default judgment, although the opposition was filed two weeks after the deadline. Dkt. 16. Defendants Fasail and Chau have not filed a response to the motion.

## II.   LEGAL STANDARD

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before entering a default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013). The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id.* at *3-4. If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate, considering seven factors set forth by the Ninth Circuit: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, the Court takes all well-pleaded factual allegations in the complaint as true, except those concerning damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Fed. R. Civ. Proc. 54(b) states that "the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason

3

for delay." The Ninth Circuit has held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

## III. DISCUSSION

As discussed above, before considering the default judgment factors, the Court must first evaluate whether the defaulted defendants were properly served and whether the Court has jurisdiction. Based on the record provided by Plaintiff, the Court is unable to conclude that service on any of the Defendants was adequate. Accordingly, the Court does not reach the other factors and RECOMMENDS DENIAL of Plaintiff's motion for default judgment as to all Defendants.

### A. Service on Individual Defendants Fasail and Chau

With regard to service on individual Defendants Fasail and Chau, Plaintiff cites Federal Rule of Civil Procedure 4(e)(1), which permits an individual defendant to be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff relies on Section 415.20(a) of the California Code of Civil Procedure, which provides that "[i]n lieu of personal delivery of a copy of the summons and complaint to the person to be served … a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address … with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *See* Dkt. 13-1 at 2. However, Section 415.20(a) applies only to "a person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50," and all of those sections refer only to service on corporations, not individual defendants. The applicable section regarding substitute service of individual defendants is Section 415.20(b), which permits substitute service only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section

4

1 || 416.60, 416.70, 416.80, or 416.90."

"[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979). Although there is no established formula for reasonable diligence, "[t]wo or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'" Weil and Brown, *California Practice Guide: California Civil Procedure Before Trial*, ¶ 4:198 (The Rutter Group June 2019) (citing cases). A proper place for service of an individual defendant is his or her usual place of abode (i.e., dwelling), usual place of business, or usual mailing address (other than a U.S. Postal Service post office box). Cal. Code Civ. Proc. § 415.20(b).

Plaintiff has failed in two respects to establish that the individual Defendants were properly served. First, Plaintiff has not provided any evidence that the Oakland "Burrito Express" where Plaintiff attempted to complete substitute service is the usual place of business of Defendants Fasail or Chau. Second, even if service was made at a proper location, Plaintiff has failed to carry her burden of showing reasonable diligence to effect personal service. Instead, the "Declaration of Diligence" submitted by Plaintiff's process server identifies only a single unsuccessful attempt to serve the individual Defendants personally before resorting to substitute service. Dkt. 13-3.

Accordingly, the Court concludes that Plaintiff has failed to show that service of Defendants Fasail or Chau was adequate.

Even if service on the Defendants Fasail and Chau was proper, the Court would nonetheless RECOMMEND DENIAL of Plaintiff's motion for default judgment because, as discussed below, service on Defendant Somora was not appropriate. Under Federal Rule of Civil Procedure 54(b), that "the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Where, as here, the complaint alleges that defendants are jointly liable, the Court RECOMMENDS that judgment should not be entered against a defaulting defendant until the matter has been adjudicated with regard to all defendants. *In re First T.D. & Inv., Inc.*, 253 F.3d at 532.

5

### B. Service on Defendant Somora

With regard to service on corporate Defendant Somora, Plaintiff cites Federal Rule of Civil Procedure 4(h)(1)(B), which permits service on a corporation "by delivering a copy of the summons and complaint to an officer, a managing director or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Plaintiff alternatively cites Federal Rule of Civil Procedure 4(e)(1) and (h)(1)(A), which authorize service on a corporation in accordance with state law, and California Code of Civil Procedure 416.10, which provides that a corporation may be served by delivering a copy of the summons and complaint to a person designed as agent for service of process or other specified persons associated with the corporation.

Plaintiff contends that it delivered copies of the summons and the complaint to Somora's agent for service of process "at the address on file with the California Secretary of State." Dkt. 13-1 at 3; *see also* Dkt. 13-2 ¶ 10 (declaration of Plaintiff's attorney that attached Exhibit DD "lists the most current name and address of the agent for service of process" for Somora and that the address for the agent for service of process "matches with the address at which" Somora was served). Contrary to Plaintiff's representations, however, the addresses do not match. The Secretary of State's records show that the registered agent's address is 95 S. Market St., Suite 300, San Jose, California 95113, but the proof of service shows service was made at a different address—111 N. Market St., Suite 300, San Jose, California 95113. *Compare* Dkt. 13-5 and 13-6. Moreover, whereas the Secretary of State's records indicate that the place of business for the agent for service of process, Ignascio Camarena, was "Camarena Law Office," the proof of service states that the service attempt was made at "Patane Gumberg Avila, LLP" at the 111 N. Market Street address. *Id.*

In her reply brief, Plaintiff provides a printout of Mr. Camarena's record from the California State Bar website, which identifies Mr. Camarena's address as "Camarena Law Office, A.P.C., 111 N. Market St, Ste 300, San Jose, CA 95113." Dkt. 17-2. Although this address matches the address at which substitute service was purportedly made, the printout is dated

1 November 21, 2019, which is over nine months after attempted service. In addition, the proof of
2 service indicates that the service was attempted at "Patane Gumberg Avila," not "Camarena Law
3 Office." Dkt. 13-4. In any event, Plaintiff provides no authority that service of an agent for
4 service of process at an address different than that on file with the California Secretary of State is
5 proper.

Accordingly, based on the record before the Court, the Court concludes that Plaintiff has failed to show that service of Defendants Somora was adequate and therefore RECOMMENDS DENIAL of Plaintiff's motion for default judgment against Somora.

**IV. DISPOSITION**

Because Plaintiff has failed to demonstrate that service on any of the Defendants was adequate, the Court finds it unnecessary to consider the other factors regarding entry of a default judgment. For the reasons discussed above, the Court orders the Clerk to REASSIGN this case to a district judge, and the Court RECOMMENDS that the district judge DENY default judgment against Defendants Gapir Fasail, Pamela Chau, and Somora, Inc.

Any party may file objections to this Report and Recommendation within fourteen days. Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**SO ORDERED.**

Dated: January 31, 2020

SUSAN VAN KEULEN
United States Magistrate Judge