UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENA MACIAS,<br><br>    Plaintiff,<br><br>  v.<br><br>GAPIR FASAIL, et al.,<br><br>    Defendants. | Case No. 19-CV-00728-LHK<br><br>**ORDER AUTHORIZING SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 33 |

Plaintiff Lena Macias filed this action for violations of the Americans with Disabilities Act and several California statutes. ECF No. 1 ("Compl."). Plaintiff named Gapir Fasail ("Fasail"); Pamela Chau ("Chau"); and Somora, Inc. ("Somora") as Defendants. Before the Court is Plaintiff's motion to serve Defendants Fasail and Chau by publication. ECF No. 33 ("Mot."). For the reasons discussed below, the Court GRANTS Plaintiff's motion for service by publication.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that architectural barriers exist at A Bite of Wyoming restaurant in San Jose, California ("the Restaurant") that violate Plaintiff's rights under the ADA and several California statutes. Compl. ¶¶ 9-13. Plaintiff argues that the Defendants are liable as "the owners, operators, lessors, and/or lessees" of the Restaurant.

1   According to Plaintiff, Defendants Fasail and Chau were served with the summons and
2   complaint at 3:26 p.m. on February 13, 2019 by leaving the summons, complaint, and associated
3   paperwork with Gloria Reyes, the "Person in Charge Of Office," at Burrito Express, located at
4   2435 Telegraph Avenue in Oakland, California, and by subsequently mailing the documents to
5   Defendants Fasail and Chau at that address. ECF No. 13-1 at 2-3; ECF No. 13-3. The process
6   server's "Declaration of Diligence" indicated that he effected substitute service on Ms. Reyes after
7   being unable to personally serve Defendants Fasail and Chau on the same date and time. In other
8   words, the process server tried only once to serve those Defendants personally before effecting
9   substitute service. *Id.*

10   Plaintiff attempted to serve Defendant Somora by serving Ignascio Camarena, a "Person
11   Authorized to Accept Service of Process," by leaving the summons, complaint, and associated
12   documents with Kathy Nguyen, the "Person in Charge of Office," at 111 N. Market Street, Suite
13   300, San Jose, California 95113, and by subsequently mailing copies to Mr. Camarena at the same
14   address. ECF No. 13-4. The process server's "Declaration of Diligence" indicates that he effected
15   substitute service on Mr. Camarena/Ms. Nguyen on February 12, 2019, after learning that the
16   "Subject [was] not in" at the business named "Patane Gumberg Avila, LLP" at the same location,
17   date, and time. *Id.* A Statement of Information filed with the California Secretary of State on
18   March 28, 2016, identified Mr. Camarena as agent for service of process for Defendant Somora,
19   but the address listed was Camarena Law Office, 95 S. Market Street, Suite 300, San Jose,
20   California 95113, a different address than the one at which Plaintiff purported to serve Mr.
21   Camarena/Ms. Nguyen. ECF No. 13-6. Mr. Camarena, who identified himself as an attorney
22   representing Defendant Somora, communicated with Plaintiff's counsel by email on March 21,
23   2019. ECF No. 13-5.

24   None of the Defendants initially filed an answer or response to the Complaint. On July 9,
25   2019, the Clerk of Court entered defaults against all three Defendants. ECF No. 10.

26   On October 23, 2019, Plaintiff filed a motion for default judgment. ECF No. 13. On
27   November 20, 2019, Somora filed an opposition to the motion that challenged whether

28

1  Defendant's service was valid. ECF No. 16. Plaintiff filed a reply on November 21, 2019. ECF
2  No. 17.
3        On January 31, 2020, United States Magistrate Judge Susan van Keulen filed an order for
4  reassignment to a district court judge and a report and recommendation that recommended
5  denying Plaintiff's motion for default judgment based on service deficiencies. ECF No. 18.
6  Magistrate Judge van Keulen determined that Plaintiff failed to properly serve Fasail, Chau, and
7  Somora. *Id*. at 5-7.
8        On February 19, 2020, this Court adopted Magistrate Judge van Keulen's report and
9  recommendation and denied Plaintiff's motion for default judgment. ECF No. 20. The Court also
10 noted that under Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve a summons
11 and complaint on all Defendants within 90 days of filing the complaint. *Id*. at 2. That deadline
12 had expired on May 9, 2019, more than nine months before the Court's February 19, 2020 order.
13 Accordingly, the Court also issued an order to show cause as to why the case should not be
14 dismissed for failure to prosecute. *Id*.
15       On February 19, 2020, Plaintiff filed a response to the Court's order to show cause and
16 acknowledged that Plaintiff failed to properly serve Defendants but requested, "[i]n light of
17 Plaintiff's good faith attempt to properly serve defendants within the deadline under [Rule] 4(m),"
18 to continue the service deadline. ECF No. 21 at 2-3. The Court vacated the entry of default as to
19 all Defendants but allowed Plaintiff until March 25, 2020 to properly serve Defendants and to file
20 proofs of service by that date. ECF No. 22 at 1-2. The Court explicitly noted that "[i]f Plaintiff
21 fails to properly serve Defendants and file proofs of service by March 25, 2020, the Court shall
22 dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 4(m)." *Id*. at 2.
23       On March 24, 2020, the day before the deadline to serve Defendants and file proofs of
24 service, Plaintiff filed an administrative motion asking the court for a thirty-day extension to
25 properly serve Defendants and file proofs of service. ECF No. 27. In light of the ongoing
26 COVID-19 pandemic, the Court granted Plaintiff's request for a thirty-day extension. ECF No.
27 28. The deadline to properly serve Defendants and file proofs of service was April 24, 2020.
28

United States District Court
Northern District of California

On April 20, 2020, Plaintiff and Defendant Somora (who filed an answer on March 11, 2020 and waived service, ECF No. 24), filed a stipulation to continue the April 29, 2020 case management conference. ECF No. 30. Plaintiff also noted that its efforts to serve Fasail and Chau were ongoing, and that "[i]f Plaintiff is unable to effectuate service by [the April 24, 2020] deadline, Plaintiff wishes to have until April 30, 2020 to file an application to serve [Fasail and Chau] by publication." *Id*. at 3.

On April 22, 2020, the parties filed a Joint Case Management Statement in which Plaintiff stated that "Plaintiff has been unable to effectuate service on Defendants Gapir Fasail and Pamela Chau. Plaintiff's attempts to serve these defendants are ongoing. Plaintiff intends to file an application to serve by publication if by April 30, 2020 she has not perfected service." ECF No. 31 at 2.

On April 23, 2020, the Court permitted "Plaintiff until April 30, 2020 to file a motion to serve Defendants Fasail and Chau by publication." ECF No. 32. On April 30, 2020, Plaintiff filed the instant motion to serve Defendants Fasail and Chau by publication. ECF No. 33 ("Mot.").

## II.   DISCUSSION

Service of a complaint in federal court is governed by Federal Rule of Civil Procedure ("Rule") 4. Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

California Code of Civil Procedure § 415.50 provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that," as relevant here, "[a] cause of action exists against the party." Thus, if the requirements of § 415.50 are met in this case, Plaintiff may use the method of service described by § 415.50 under Rule 4(e)(1).

The second requirement, that "[a] cause of action exists against the party," Cal. Civ. Pro. Code § 415.50, is clearly met. Plaintiff alleges that Defendants Fasail and Chau are the real

4

Case No. 19-CV-00728-LHK
ORDER AUTHORIZING SERVICE BY PUBLICATION

property owners of the non-ADA-compliant Restaurant at issue in the instant case. Both Fasail and Chau and named Defendants in the instant case, and Plaintiff has asserted four causes of action against Fasail and Chau. Thus, a cause of action exists against Fasail and Chau.

Plaintiff has also met the first requirement of reasonable diligence. The declaration and exhibits accompanying Plaintiff's motion demonstrate that Plaintiff used reasonable diligence in attempting to serve Fasail and Chau.

Since February 2020, Plaintiff's counsel ran multiple searches on LexisNexis Public Records search and social media, hired multiple professional process servers, directed process servers to conduct a "skip trace" of Fasail to locate his whereabouts, utilized a public records database used by law enforcement agencies and private investigators, used LexisNexis phone databases to identify other possible addresses for Fasail and Chau, had process servers attempt to serve Fasail and Chau at multiple locations in Oakland and San Leandro, and attempted service by mail at those various locations. ECF No. 33-1 ¶¶ 8(a)-(n). At one location alone, a process server made 10 separate attempts to serve Fasail. *Id.* ¶ 8(d); ECF No. 33-7 at 4 (detailing 10 service attempts from March 30, 2020 to April 13, 2020). That process server also made 19 separate attempts to serve Chau as well. ECF No. 33-1 ¶ 8(d); ECF No. 33-7 at 2 (detailing 19 service attempts from March 4, 2020 to April 13, 2020).

Courts have found that similar attempts to locate a defendant are sufficient to demonstrate "reasonable diligence" under § 415.50. For example, in *Giorgio v. Synergy Mgmt. Grp., LLC*, 231 Cal. App. 4th 241, 248 (2014), the plaintiff had attempted to locate and serve the defendant through online searches, hiring two process servers, and attempting to send mail to defendant's only known address. The California Court of Appeal found that these efforts provided "substantial evidence" that the defendant "could not with reasonable diligence be served personally or by mail." *Id.*

Additionally, in *Hernandez v. City of San Jose*, this Court concluded that Plaintiffs exercised reasonable diligence and were entitled to service by publication because Plaintiffs "hired two professional process servers, requested information from the Santa Clara County Probation

5

Case No. 19-CV-00728-LHK
ORDER AUTHORIZING SERVICE BY PUBLICATION

Department, searched social media platforms, and sought to verify [a defendant's] address using the Santa Clara County voter registration portal." *Hernandez v. City of San Jose*, 2016 WL 6582048, at *2 (N.D. Cal. Nov. 7, 2016).  In *Hernandez*, a process server made four attempts to serve a defendant at two different addresses—far fewer than what Plaintiff's process servers attempted in the instant case.  *See id.*

Accordingly, Plaintiff's declaration and exhibits demonstrate that Plaintiff had made a "thorough but unsuccessful search for the defendant." Judicial Council Comment to Cal. Civ. Pro. Code § 415.50.  This is enough to meet the requirements of § 415.50.

As a result, because Plaintiff has satisfied the requirements of § 415.50, Plaintiff is entitled to effectuate service by publication "in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Cal. Civ. Pro. Code. § 4150.50(b).  The addresses that Plaintiff obtained for Fasail and Chau were almost exclusively in Oakland, with one address in San Leandro.  ECF No. 33-1 ¶ 8.  Therefore, the newspaper that is most likely to give actual notice to Fasail and Chau is a newspaper in Oakland.  At least one court has approved the *East Bay Times* as a newspaper in which publication is proper, *see United States v. Benson*, 2019 WL 6612246, at *3 (N.D. Cal. Dec. 5, 2019).  Plaintiff's counsel filed a declaration that an East Bay Times representative advised Plaintiff's counsel that "if Defendants are to be served by publication in Oakland[,] the Court's Order must direct the publication to be in the 'East Bay Times / Oakland Tribune.'" ECF No. 34 ¶ 2.  Therefore, the Court finds that the *East Bay Times / Oakland Tribune* is a proper newspaper for publication of service.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for service by publication is GRANTED. Therefore, publication shall be made in the *East Bay Times / Oakland Tribune* once a week for four weeks.  Plaintiff has six weeks from the date of this order to complete service by publication. If Defendants Gapir Fasail's and Pamela Chau's addresses are ascertained prior to the expiration of the time prescribed for publication of the summons, a copy of the summons and complaint and of the order for publication shall immediately be served on Fasail and Chau. This order does not

6

preclude service upon Defendants Fasail and Chau in any other manner specified in the California Code of Civil Procedure § 415.10 through § 415.30.

**IT IS SO ORDERED.**

Dated: May 19, 2020

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

7
Case No. 19-CV-00728-LHK
ORDER AUTHORIZING SERVICE BY PUBLICATION